**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4419 Van Nuys Blvd., Ste. 301
Sherman Oaks, CA 91403
T: (323) 940-1700
F: (510) 570-3815
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
PRANAV KULKARNI

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRANAV KULKARNI,<br><br>Plaintiff,<br><br>vs.<br><br>POSSIBLE FINANCE, INC. dba POSSIBLE FINANCE<br><br>Defendants. | Case No.: 2:25-cv-23<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. § 1785 *ET. SEQ*;**<br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET. SEQ;***<br>3. **VIOLATIONS OF THE CALIFORNIA IDENTITY THEFT ACT [CAL. CIV. CODE § 1798.92 *ET. SEQ;***<br>4. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 USC § 1681, *ET. SEQ.]*** |

NOW COMES Plaintiff, Plaintiff Pranav Kulkarni, by and through his

1

attorneys, Martin & Bontrager, APC, and files his Complaint against Defendant, POSSSIBLE FINANCE INC. dba POSSIBLE FINANCE, as follows:

1. This is an action for damages brought by an individual consumer for Defendant's violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. § 1785, et. seq. ("CCCRAA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. §1788, *et seq.* (hereinafter "RFDCPA"), the California Identity Theft Statute, Cal. Civ. § 1798, et seq. ("CITS) and the Fair Credit Reporting Act ("FCRA").

2. Plaintiff is a natural person residing in San Jose, California and is a "debtor" as defined by the RFDCPA and a "consumer" as defined by the CCCRAA.

3. At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting an alleged debt from Plaintiff which qualifies as a "consumer debt," as defined by the RFDCPA. Defendant regularly attempts to collect debts, and therefore is a "debt collector" as defined by the RFDCPA and is a "furnisher of information" as defined by Cal. Civ. Code § 1785.25(a). Defendant is therefore a "person" as defined by Cal. Civ. Code § 1785.3(j).

4. Defendant is a "claimant" as defined by Cal. Civ. Code § 1798.92(a).

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

6. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the facts alleged, and injuries caused, took place, or were caused within the State of California and in San Jose. Further, Plaintiff, an individual consumer, resides within San Jose, California and this Judicial District.

## FACTUAL ALLEGATIONS

7. Plaintiff is a victim of identity theft.

8. The identity thief obtained a personal loan account in Plaintiff's name

2

using Plaintiff's personal identifying information ("PII") without his knowledge or consent. The account was reported to be opened on or about February 22, 2024.

9. However, upon Plaintiff's notification of the fraudulently opened personal loan account, Plaintiff immediately contacted Defendant in writing, advising Defendant that Plaintiff did not open the account, Plaintiff did not authorize anyone to open the account, and Plaintiff did not incur any charges relating to the account.

10. Defendant has denied Plaintiff's claims.

11. Plaintiff has also submitted a police report provided information regarding same to Defendant, as well as an FTC Identity Affidavit. Defendant continues to deny Plaintiff's legitimate claims of Identity Theft and continues to furnish information relating to the account, the balances, and the payment history on Plaintiff's credit report(s) with several Credit Reporting Agencies.

12. Further, Plaintiff has disputed Defendant's credit reporting of the fraudulent account. However, Defendant continues to furnish information relating to the fraudulent account to Plaintiff's credit file with the credit bureaus.

13. On information and belief, upon receipt of Plaintiff's disputes, the credit bureaus sent automatic customer dispute verification forms to Defendant informing it that Plaintiff was disputing Defendant's credit-reporting of the accounts on her credit files.

14. To this date, Defendant still continues to credit report the account, balance and late payments.

15. Plaintiff has spent countless hours over the past year trying to rectify this issue. Plaintiff has also reported this incident to the police.

16. Notwithstanding Plaintiff's exhaustive efforts in this regard, Defendant continues to attempt to collect charges from Plaintiff that were incurred as a result of identity theft.

17. As a result of Defendant's conduct, Plaintiff has suffered great

physical, emotional and mental pain and anguish, and will continue to suffer the same for an indefinite time in the future, all to his great detriment and loss.

18. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from injury to his credit rating and reputation, and will continue to suffer the same for an indefinite time in the future, all to his great detriment and loss.

19. As a result of Defendant's conduct, Plaintiff has suffered decreased credit score as a result of errors and omissions appearing on her credit file.

## FIRST CAUSE OF ACTION

**(Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§1785.25(a))**

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

22. California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

23. California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

24. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

25. Based on these violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## SECOND CAUSE OF ACTION
### (Violation of the RFDCPA, CAL. CIV. CODE § 1788)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.14(c) by initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. ?This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

(b) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), by violating the following provisions of the FDCPA:

    1) Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff

in connection with the collection of an alleged debt;

2) Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

3) Defendant violated §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt.

4) Defendant violated §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt, including seeking collection of a debt not authorized by contract or law.

28. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## THIRD CAUSE OF ACTION
### Violations of California Civil Code § 1798.92-97

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

32. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## FOURTH CAUSE OF ACTION

**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.**

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. The FCRA requires a furnisher such as Defendant after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

35. Within the last two years, Defendant provided inaccurate information to the credit reporting agencies regarding Plaintiff.

36. Within the past two years, Plaintiff notified the three major credit bureaus that her credit reports concerning Defendant's trade-line was inaccurate. Thereafter, the three major credit bureaus notified Defendant that Plaintiff was disputing the information Defendant had furnished to them.

37. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s-2(b):

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

    c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    e. willfully and negligently failing to properly participate, investigate and

comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

  f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

  g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

  38. In attempting to collect the aforementioned alleged debt, Defendant, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agencies notwithstanding the fact that Defendant knew, or consciously avoided knowing, that such information was inaccurate; to wit, Defendant continued to report that Plaintiff owes a deficiency balance for fraudulent charges which she did not incur, and in so doing, engaged in false and deceptive means to collect a debt from Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

  39. An award of actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), Cal. Civ. Code § 1788.30(a), Cal. Civ. Code § 1798.93(c) and 15 U.S.C. § 1681(n).

  40. Statutory damages in the amount of $ 1,000.00 pursuant to CAL. CIV. CODE § 1788.30(b);

  41. Statutory damages/civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);

42. Statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C. § 1681(n) and 15 U.S.C. § 1681(o);

43. Punitive damages of $ 100.00 - $ 5,000.00 per willful violation of Cal. Civ. Code § 1785.25(a) pursuant to Cal. Civ. Code § 1785.31;

44. An award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

45. An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(d); 1788.30(d), and Cal. Civ. Code § 1798.93(c)(5), and 15 U.S.C. § 1681(o).

46. Providing such further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff hereby demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: January 2, 2025   **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III

*Attorneys for Plaintiff*

9